CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
April 30, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOSHUA McCOY, JOEY HILL, TIMOTHY VANCE and WILLIAM STILTNER, on Behalf of Themselves and All Others Similarly-Situated, <br><br>*Plaintiffs,*<br><br>v.<br><br>BUCHANAN MINERALS, LLC<br><br>*Defendant.* | PROPOSED CLASS ACTION<br><br><br>CASE NO.   1:25cv28<br><br>JURY DEMANDED |

**CLASS ACTION COMPLAINT FOR WARN ACT VIOLATIONS**

Come Plaintiffs, by and through counsel, and, for their Complaint against Defendant Buchanan Minerals, LLC, state as follows:

**I.   Summary of the Action**

1. The WARN Act, 29 U.S.C. § 2101 *et seq*, requires large employers to notify workers at least sixty days prior to a "plant closure," a term defined in the Act. Defendant employs hundreds of workers at a coal mine in Buchanan County, Virginia. On or about April 28, 2025, with no notice at all, Defendant terminated approximately 140 employees, including Plaintiffs, effective immediately. As part of the terminations, Defendant is closing "one or more… operating units" of its mine – namely, multiple continuous miner "units" (also called "sections," consisting of a continuous miner machine and the roof bolting machines, scoop machine, and shuttle cars that operate in conjunction with that continuous miner). Accordingly, the terminations met the definition of a "plant closure" under the WARN Act, and notice should have been given. This action seeks the remedies provided under the WARN Act for Defendant's violations.

## II.     Jurisdiction and Venue

2. This Court has federal question jurisdiction over the claims of Plaintiffs under 42 U.S.C. § 1331, as Plaintiffs' claims arise under federal law (the WARN Act, 29 U.S.C. § 2101 *et seq.*).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant operate mines that are partly located within the District of this Court and employed Plaintiffs and the similarly-situated employees in those mines.

## PARTIES

4. Defendant Buchanan Minerals, LLC (hereafter, "Buchanan") is a Virginia for-profit limited liability company which has a principal place of business at 100 Bill Baker Way, Beckley, WV 25801-0000, and may be served by service of process on its registered agent, National Registered Agents, Inc., at 4701 Cox Road, Suite 285, Glen Allen, VA 23060. Prior to the termination event complained of herein, Defendant employed Plaintiffs and numerous other employees.

5. Plaintiff Joshua McCoy was a full-time employee of Defendant until he was terminated, effective April 28, 2025. Specifically, Plaintiff McCoy was a full-time employee of Defendant for more than six months prior to April 28, 2025.

6. Plaintiff Joey Hill was a full-time employee of Defendant until he was terminated, effective April 28, 2025. Specifically, Plaintiff Hill was a full-time employee of Defendant from approximately January 20, 2025 until April 28, 2025.

7. Plaintiff Timothy Vance was a full-time employee of Defendant until he was terminated, effective April 28, 2025. Specifically, Plaintiff Vance was a full-time employee of Defendant from approximately January 20, 2025 until April 28, 2025.

8. Plaintiff William Stiltner was a full-time employee of Defendant until he was terminated on late April 27, 2025. Specifically, Plaintiff Stiltner was a full-time employee of Defendant from approximately April 15, 2024 until his termination.

## FACTUAL ALLEGATIONS

9. Prior to April 28, 2025, Defendant employed Plaintiffs as full-time employees to work in Defendant's coal mine in Buchanan County, Virginia (the "Buchanan Mine").

10. Defendant employed well more than 100 full-time employees at this mine throughout 2024 and 2025 prior to April 28, 2025.

11. Upon information and belief, during 2024 and 2025 prior to April 28, 2025, Defendant employed approximately 600 full-time employees at the Buchanan Mine.

12. Beginning late in the day on April 27, 2025, and continuing on April 28, 2025, Defendant orally informed well over fifty full-time employees that they were being terminated, effective immediately (the "April 28, 2025 Termination Event")

13. Upon information and belief, the total number of full-time employees affected during the April 28, 2025 Termination Event was one hundred and forty (140).

14. Upon information and belief, in the alternative, to the extent not all of the employees affected by the April 28, 2025 Termination Event were terminated, the affected employees not terminated were laid off indefinitely.

15. Prior to the April 28, 2025 Termination Event, the Buchanan Mine had numerous operating units.

16. Specifically, coal mining is done by workers being assigned to teams referred to in the coal mining industry as a "unit" or "section."

17. These "units" or "sections" consist of machines that work in tandem with each other.

18. Defendant's Buchanan mine operates both continuous miner units and longwall units.

19. A continuous miner unit is made up of a continuous miner machine and the machines that operate in tandem with that continuous miner machine, generally including two shuttle car machines, two roof bolting machines, and a scoop machine.

20. The machines of a continuous miner unit can operate independently from the machines of another continuous miner unit.

21. Upon information and belief, prior to the April 28, 2025 Termination Event, Defendant employed workers operating six continuous miner units and two longwall units in the Buchanan Mine.

22. However, upon information and belief, Defendant decided to shut down four of the continuous miner units, with the effect that, after the April 28, 2025 Termination Event, only two continuous miner units and two longwall units would be operating in the Buchanan Mine

23. During a meeting with workers in announcing the terminations, Defendant's own management referred to the continuous miner units as "miner units" and acknowledged "that's four miner units that's not going to be operating."

24. 29 U.S.C § 2102 provides that "[a]n employer shall not order a plant closure … until the end of a 60-day period after the employer serves written notice of such an order" to affected employees.

25. 29 U.S.C. § 2101(a)(2) defines "plant closure" to "mean[] the permanent or temporary shutdown of a single site of employment, or *one or more* facilities or *operating units within a single site of employment*, if the shutdown results in an employment loss at the single site

of employment during any 30-day period for 50 or more employees excluding any part-time employees." Emphasis added.

26. Each "section" is an "operating unit" of the Buchanan Mine's facility, and, by directing the shutdown down multiple "sections," Defendant was ordering a "plant closure" under the WARN Act

27. The Buchanan Mine is entirely connected underground.

28. Stated another way, it would be possible to travel underground from any underground point in the Buchanan Mine to any other underground point in the Buchanan mine, including all points where the continuous miner units that are being shuttered in connection with the April 28, 2025 Termination Event operated.

29. Further, beltlines are built to lead from all of the sections to a single coal preparation plant, which processes all of the coal produced at the Buchanan Mine.

30. The entire Buchanan Mine is a "single site of employment" as that term is used in 29 U.S.C. § 2101(a)(2).

## CLASS ACTION ALLEGATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

31. Plaintiffs bring this action under the WARN Act individually (on behalf of themselves) and on behalf of the following class:

> all persons who were employed by Buchanan Minerals, LLC and were terminated and/or laid off on or about April 27, 2025 or April 28, 2025, and were not provided with 60 days' written notice in advance of such termination and/or layoff.

32. Plaintiffs are members of the class they seek to represent.

33. Defendant failed to provide written notice to Plaintiffs and the other members of the class, as described herein.

34. Defendant's failure to provide written notice to Plaintiffs and the other members of the class violated the WARN Act.

35. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

36. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether the termination of the employment of the members of the Class and the associated shutdown of many continuous miner units constitutes a "plant closure" under the WARN Act; and (2) whether Defendant provided notice to the Class of the April 28, 2025 Termination Event, and (3) whether Defendant's failure to provide notice constituted a violation of the WARN Act.  To the extent Defendant asserts defenses based on alleged business necessity of conducting the April 28, 2025 Termination Event without providing notice due to allegedly unforeseen circumstances, such defenses also would share pivotal questions of law and fact, as such alleged circumstances would apply to all members of the Class equally.

37. Plaintiffs' claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality.  Defendant's failure to provide notice to Plaintiffs was not the result of any circumstances specific to the Plaintiffs.  Rather, it arose from Defendant's common plan to conduct the April 28, 2025 Termination Event for all employees affected by the April 28, 2025 Termination Event.

38. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

39. Plaintiffs have retained competent counsel experienced in representing classes of employees in lawsuits against their employers, thus satisfying Fed. R. Civ. P. 23(a)(4).

40. By failing to pay or provide notice to the employees affected by the April 28, 2025 Termination Event, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiffs should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I – VIOLATION OF THE WARN ACT, 29 U.S.C. § 2104

41. Plaintiffs repeat and re-allege the allegations above as though fully set forth in this Count.

42. Defendant is an employer as defined in 29 U.S.C. § 2101(a)(1).

43. Defendant's shutdown of continuous miner sections in conjunction with the April 28, 2025 Termination Event constituted a "plant closure" as defined by 29 U.S.C. § 2101(a)(2).

44. Plaintiffs and the other members of the proposed Rule 23 class are affected employees as defined by 29 U.S.C. § 2101(a)(5) because they are employees of Defendant who experienced an employment loss as a consequence of a plant closure ordered by Defendant.

45. Defendant was obligated pursuant to 29 U.S.C. § 2102 to provide written notice to affected employees at least sixty (60) days prior to the planned plant closing.

46. Plaintiffs and Defendant's other employees terminated and/or laid off during the April 28, 2025 Termination Event experienced an employment loss because they were separated from work, without cause, for a period to exceed six months, as a result of the April 28, 2025 Termination Event.

47. Defendant failed to provide written notice to Plaintiffs and the other employees affected by the April 28, 2025 Termination Event, which violated the WARN Act and caused and will cause Plaintiffs and the other employees substantial economic and other harm.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that the Court:

A. Issue process and bring Defendant before the Court;

B. Certify a class of similarly-situated employees whose rights were violated by Defendant under the WARN Act, and;

C. Empanel a jury for the trial of all issues of fact;

D. Enter a judgment granting Plaintiffs and the Rule 23 Class all relief available under the WARN Act, including back pay, statutory damages under 29 U.S.C. § 2104(a)(1) and (2)

E. Award Plaintiffs and the Rule 23 Class all costs of litigation, including expert fees and attorneys' fees, under 29 U.S.C. § 2104(a)(6).

F. Grant Plaintiff and the Rule 23 Class such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/Alexis I. Tahinci
Alexis I. Tahinci
Tahinci Law Firm, PLLC
105 Ford Avenue, Suite 3
Kingsport, TN 37663
(423) 406-1151
alexis@tahincilaw.com

Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
(motion for *pro hac vice* admission forthcoming)

John R. Kleinschmidt, III
The Law Office of John R. Kleinschmidt III, PLLC
P.O. Box 1746
Lexington, KY 40588
(859) 866-3097
John@EmploymentLawKY.com
(motion for *pro hac vice* admission forthcoming)

*Counsel for Plaintiffs*